# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| **SHAWANDA THOMAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. 2:22-cv-02326-SHM-cgc** |
| **v.** | ) | |
| | ) | |
| **DHL SUPPLY CHAIN,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

## ANSWER TO COMPLAINT

Defendant EXEL, Inc., d/b/a DHL Supply Chain (USA) ("DHL"), incorrectly named as DHL Supply Chain in the Complaint, by and through counsel, submits the following Answer to the Complaint filed by Plaintiff Shawanda Thomas ("Plaintiff"):

1.      The allegations in Paragraph 1 of the Complaint purport to describe the Complaint and do not state a factual averment to which a response is required, but insofar as a response is deemed to be required, such allegations are denied.  Defendant denies that it discriminated against Plaintiff in any way.

2.      Defendant admits the Court has subject-matter jurisdiction over this matter to the extent Plaintiff has exhausted administrative remedies with respect to such claims but denies that all of the acts alleged by Plaintiff upon which this lawsuit is based occurred.

3.      Defendant is without sufficient knowledge or belief to admit or deny the statement in Paragraph 3 of the Complaint and therefore denies it.

4.      Defendant admits that it owns a facility located at the address listed in Paragraph 4

of the Complaint, but otherwise denies the allegations in Paragraph 4.

5.     Defendant admits the allegations in Paragraph 5 of the Complaint but denies all of the allegations upon which Plaintiff bases this lawsuit.

6.     The allegations in Paragraph 6 of the Complaint purport to describe the Complaint and do not state a factual averment to which a response is required, but insofar as a response is deemed to be required, all such allegations are denied in their entirety.  Defendant denies that it harassed or discriminated or retaliated against Plaintiff in any way.

7.     Defendant denies the allegations in Paragraph 7 of the Complaint in their entirety.

8.     Defendant denies the allegations in Paragraph 8 of the Complaint in their entirety.

9.     Defendant denies the allegations in Paragraph 9 of the Complaint in their entirety.

10.    Defendant denies the allegations in Paragraph 10 of the Complaint in their entirety.

11.    The statement in Paragraph 11 of the Complaint does not state a factual averment to which a response is required, but insofar as a response is deemed to be required, such allegations are denied.

12.    The statement in Paragraph 12 of the Complaint does not state a factual averment to which a response is required, but insofar as a response is deemed to be required, Defendant denies that Plaintiff filed an EEOC charge on the date listed in Paragraph 12.

13.    The statement in Paragraph 13 of the Complaint does not state a factual averment to which a response is required, but insofar as a response is deemed to be required, such allegations are denied.

14.    The statement in Paragraph 14 of the Complaint does not state a factual averment to which a response is required, but insofar as a response is deemed to be required, Defendant admits that the EEOC issued a Right to Sue letter after dismissing Plaintiff's Charge.   Defendant

does not waive any argument or defense that any claim is outside the scope of Plaintiff's Charge of Discrimination, or that Plaintiff otherwise has not exhausted administrative remedies with respect to any claim, such that this Court lacks subject-matter jurisdiction over such claim.

15.     The statement in Paragraph 15 of the Complaint does not state a factual averment to which a response is required.

16.     The allegations in Paragraph 16 of the Complaint consist of legal conclusions to which Defendant is not required to respond.  To the extent a response is required, Defendant denies the allegations in Paragraph 16 of the Complaint.

All allegations contained in Plaintiff's Complaint not expressly admitted or denied are hereby denied.

### AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted, because, among other reasons that can be argued at later stages:

a)     Plaintiff cannot establish a *prima facie* case of discrimination under the Americans with Disabilities Act (ADA) because, among other things, she has not alleged that she is disabled, that Defendant discriminated against on the basis of a disability, or that Defendant failed to accommodate her.

b)     Defendant avers that all actions taken with regard to Plaintiff's employment were taken for legitimate, non-discriminatory business reasons; were taken in good faith, without malice; and were not related to any unlawful basis.

c)     Any decisions made, or actions taken, regarding Plaintiff's employment were made or taken pursuant to neutral employment policies that apply to all employees who were similarly situated to Plaintiff, if any.

d)      Plaintiff is not a qualified individual with a disability as defined by the Americans with Disabilities Act and Americans with Disabilities Amendments Act (the "ADA").

e)      Plaintiff failed to request an accommodation for her alleged disability that was reasonable.

f)      To the extent Plaintiff made Defendant aware of her alleged disability and the need for an accommodation, Defendant made good faith efforts to reasonably accommodate Plaintiff.

g)      Plaintiff was unwilling or unable to perform the essential functions of her job even with a reasonable accommodation and further accommodation would impose an undue hardship on Defendant's business operations.

h)      Plaintiff's alleged complaints, if any, regarding discrimination and harassment were not factors in any decision made concerning Plaintiff's employment status or termination.

i)      Defendant's actions, decisions, and other conduct taken with respect to its employment relationship with Plaintiff did not violate any statute, rule, or regulation.

2.      Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to exhaust administrative remedies, and to the extent Plaintiff has failed to exhaust administrative remedies with respect to a claim, this Court lacks subject matter jurisdiction over such claim.

3.      Defendant adopted reasonable anti-discrimination policies, which include avenues for making and procedures for handling complaints.  Defendant took affirmative steps to ensure dissemination and implementation of these policies.  Defendant acted in good faith to comply with anti-discrimination laws.

4. Defendant avers that at all times relevant to Plaintiff's Complaint, Defendant acted in good faith and had reasonable grounds for believing its actions were appropriate and not in violation of any law or public policy.

5. Defendant avers that it exercised reasonable care to prevent and correct promptly any discriminating or harassing behavior, and that Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by Defendant, or to otherwise avoid harm. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 118 S. Ct. 2275 (1998); *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 118 S. Ct. 2257 (1998).

6. Defendant avers that Plaintiff was an at-will employee, employed for no definite term, and that Defendant did not discriminate or retaliate against Plaintiff and has not violated her rights in any way.

7. Defendant, at all times material herein, has made good faith efforts, through its adoption of anti-discrimination and anti-harassment policies published to its personnel, to comply with the employment discrimination laws.

8. The allegations contained in the Complaint are not sufficiently severe and pervasive to constitute an intimidating, hostile or offensive work environment.

9. To the extent Plaintiff seeks damages for emotional and/or personal injury, such claims do not state a cause of action because they are barred by the exclusive remedy of the Tennessee Workers' Compensation law.

10. Defendant denies that it took any action against Plaintiff whatsoever that would contravene public policy.

11. Defendant denies that it retaliated against Plaintiff in any way.

12. In the event that Defendant discovers or otherwise learns of evidence to which the

"after acquired" evidence doctrine or any similar legal theory applies, Plaintiff shall then and thereafter be barred from or limited in recovery or remedy pursuant to said doctrine or theory.

13. Plaintiff's claims are barred, in whole or in part, by the statutes of limitations, if proven applicable by investigation and discovery.

14. Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of estoppel, laches, unclean hands, and waiver, if proven applicable by investigation and discovery.

15. Defendant avers that Plaintiff has failed to mitigate her damages, if any.

16. Any claim for monetary relief by Plaintiff must be reduced or denied due to or by reason of Plaintiff's interim earnings, and/or by any amount she could, with reasonable diligence, have earned and by her failure to otherwise mitigate her damages.

17. Any injuries or damages sustained by Plaintiff resulting in lost employment and/or lost earnings, all of which are denied by Defendant, were proximately caused by Plaintiff's own conduct and not by a wrongful act or omission of an employee of Defendant.

18. Defendant avers that all or part of this action is frivolous, and that Defendant is entitled to attorneys' fees and other costs associated with the defense of this action.

## GENERAL DENIAL AND RESERVATION OF RIGHTS

All allegations in Plaintiff's Complaint not specifically admitted, denied, or qualified herein are hereby denied. Defendant reserves the right to plead such additional affirmative defenses as may become apparent through additional investigation and discovery.

Respectfully submitted,

/s/ *Whitney Dowdy*
Whitney Dowdy (TN BPR #24985)
Karen Glover (TN BPR #38714)
BAKER, DONELSON, BEARMAN,
  CALDWELL & BERKOWITZ, P.C.
2000 First Tennessee Building
165 Madison Avenue
Memphis, Tennessee 38103
(901) 526-2000 – telephone
(901) 577-2303 – facsimile
wdowdy@bakerdonelson.com
kglover@bakerdonelson.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

    I hereby certify that I have on this the 9th day of November, 2022, caused a copy of the foregoing to be served upon the following, via electronic mail and U.S. mail, postage prepaid:

Shawanda Thomas
1226 Gimel Lane
Cordova, TN 38016

    /s/ *Whitney Dowdy*